UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Case No. 4:20-cv-00069-LMM

PATRICIA KENNEDY, *Individually*

    Plaintiff
v.

SHRINATHJI-KRUPA, INC.
*A Georgia corporation d/b/a*
COUNTRY HEARTH INN & SUITES

    Defendant
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
AFTER DEFAULT WITH MEMORANDUM OF LAW IN SUPPORT**

Plaintiff PATRICIA KENNEDY ("Plaintiff"), pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves this Court to enter Judgment after Default against Defendant, SHRINATHJI-KRUPA, INC.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA"). The individual Plaintiff, PATRICIA KENNEDY, qualifies as a disabled person within the meaning of the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, twist the wrist, and pinch to operate. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark

and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes, or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating doorknobs, sink faucets, or other operating mechanisms that require tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pies, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer, and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance. The subject property is a hotel.

Pursuant to the Court's Order (DE18) on Plaintiff's unopposed Motion for Leave to File Amended Complaint (DE15), Plaintiff was granted leave to file an amended complaint to more properly describe Defendant's failure to comply with the regulations sued upon. The Amended Complaint (DE 19) was filed July 21, 2020. A Certificate of Service of the Amended Complaint was filed on July 23, 2020 (DE 20). A Clerk's Entry of Default was previously entered against Defendant on April 27, 2020; the Defendant has failed to file an answer or otherwise respond.

## MEMORANDUM OF LAW

**I.**     **PLAINTIFF IS ENTITLED TO FINAL DEFAULT JUDGMENT**

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and §1343 for Plaintiff's claims arising under 28 U.S.C. §12181, et seq., based on Defendants' violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in this cause, a default shall be entered against that party. In this instance, Defendant was properly served with the Complaint and Amended Complaint filed herein and failed to respond in any manner, even after the entry of the Clerk's Default. Therefore, a final default judgment should be entered by the Court against Defendant based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

Defendant, as the owner and operator of a place of lodging known as Country Hearth Inn & Suites, located at 25 Carson Loop, Cartersville, Georgia ("the Property" or "the Hotel"), is required to comply with the ADA, as well as the standards applicable to places of public accommodation, as set forth in the Code of Federal Regulations, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirements:

> **Reservations made by places of lodging.** A public accommodation that owns, leases or leases to or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> I.  Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> II. Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> III. Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

      IV.     Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

      V.     Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

The Defendant, either by itself or through a third party, implemented, operates, controls and/or maintains the following websites for the Property:

https://www.stayinns.com/country-hearth-inn/georgia/cartersville/country-hearth-inn-and-suites-cartersville
https://www.booking.com/hotel/us/howard-johnson-cartersville.html
https://www.priceline.com/relax/at/54061/rooms/1
https://in.hotels.com/ho211663/ and
https://www.agoda.com/country-hearth-inn-suites-cartersville/hotel/cartersville-ga-us.html.

Plaintiff's uncontested pleadings establish that Defendant has failed to provide the third party providers listed above with the information required for their websites to identify or allow for booking of accessible rooms or to post sufficient information regarding accessibility at the hotel in violation of 28 C.F.R. 36.302(e)(1)(ii).

      Prior to the commencement of this lawsuit, the Plaintiff visited the websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the requirements of 28.C.F.R. Section 36.302(e) and her accessibility needs. Plaintiff was unable to do so because Defendant has failed to comply with said requirements, and as a result the Plaintiff was deprived of the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property and websites available to the general public. Plaintiff intends to revisit the Defendant's websites in the near future to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits advantages, and accommodations of the Property, but she is continuously aware that the subject websites remain non-compliant and it would be a futile gesture to revisit the websites as long as those violations exist, unless she is

willing to suffer additional discrimination. Venue is proper in this jurisdiction because this is where the injury occurred.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36. Defendant is in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against Plaintiff. The discrimination is based on the Defendant's denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by depriving her of the information required to make meaningful choices for travel. By maintaining the websites with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

Pursuant to 42 U.S.C. 12188(a)(2), this Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the websites to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA. Several courts have granted motions for default judgment based on website discrimination involving hotel online reservations systems. See, e.g., Kennedy v. Avadhoot, LLC, 1:19-cv-00211-WMR (N.D. Ga. 01/09/2020); Laufer v. Imperial Investments Doraville, Inc., 1:19-cv-05133-TCB (N.D. Ga. 02/10/2020); Laufer v. DPSG, LLC, 1:19-cv-05448-ELR (N.D. Ga. 02/19/2020); Kennedy v. Londamerican Real Estate Ltd., 19-cv-61228-SMITH/VALLE, DE 18 (S.D. Fla. 8/21/2019); Kennedy v. Guruhari Hospitality, LLC, 0:19-cv-61139-WPD, DE 18 (S.D. Fla. 7/11/2019); Kennedy v. Moreno, 19-cv-60550-ALTMAN, DE 20, (S.D. Fla. 6/26/2019); Kennedy v. Pacifica Tampa Ltd Partnership, 5:17-cv-442-JSM-PRL, DE 7 (M.D. Fla. 1/25/18). Kennedy v. Fernandez, 19-60876, DE 18 (S.D. Fla. 6/11/2019); Kennedy v. Astoria Hotel Suites, LLC, 19-cv-60160, DE 17 (S.D. Fla. 3/22/19); Kennedy v. Dockside View, LLC, 2:18-cv-14444-KAM (S.D. Fla.

1/19/19); <u>Kennedy v. Cape Siesta Motel, LLC</u>, 18-81811, 0:18-cv-61811-MGC, DE 20 (S.D. Fla. 1/18/2019); <u>Kennedy v. Shivnit, Inc.</u>, 0:18-cv-63094-UU, DE 12 (S.D. Fla. 1/30/19); <u>Kennedy v. Terrace Park Suites, LLC</u>, 0:19-cv-60012-DPG (S.D. Fla. 3/21/19); <u>Kennedy v. Shree Ram Jalaram, Inc.</u>, 19-60708, DE 13 (S.D. Fla. 4/18/2019); and <u>Kennedy v. Rushi Hospitality LLC</u>, 18-cv-62259-WPD, DE 26 (S.D. Fla. 2/6/19). These include the entry of judgment mandating that the Defendants bring their websites into full compliance with the ADA. Further, the Courts stated that Plaintiff is entitled to their attorney fees, costs, litigation expenses and expert fees incurred.

## CONCLUSION

WHEREFORE, Plaintiff respectfully moves this Court to:

a. Enter Judgment After Default against the Defendant, that determines that the Defendant at the commencement of the subject lawsuit was in violation of Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et seq. and 28 C.F.R. Section 36.302(3);

b. Granting injunctive relief against Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(3) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement.

c. Grant an award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. §12205.

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans With Disabilities Act.

Dated this 23rd day of November, 2020.

Respectfully Submitted,

Attorneys for Plaintiff

By:_____/s/ Kathy L. Houston, Esq._____.
THOMAS B. BACON, P.A.
5150 Cottage Farm Road
Johns Creek, GA 30022
Tel: 404-276-7277
Tristan W. Gillespie, Esq.
Email: Gillespie.tristan@gmail.com
and
Kathy L. Houston, Esq., *pro hac vice*
Email: courtdocs@houstonlawfl.com
15321 S. Dixie Highway, Suite 205
Miami, FL 33157
Tel: 305-420-6609   Fax: 786-441-4416

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that the foregoing document is being served this 23rd day of November, 2020, on counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Bharatkumar R. Patel, Registered Agent for Shrinathji-Krupa, Inc. d/b/a Country Hearth Inn & Suites, 200 S. Broad Street, Rome, GA 30164

_____/s/ *Kathy L. Houston*_____.
Kathy L. Houston, Esq.