IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| PATRICIA KENNEDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 4:20-CV-00069-LMM |
| | : | |
| SHRINATHJI-KRUPA, INC., *a Georgia corporation d/b/a* COUNTRY HEARTH INN & SUITES | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case is before the Court on Plaintiff Patricia Kennedy's Motion for Default Judgment [25]. Plaintiff asks the Court to grant default judgment against Defendant Shrinathji-Krupa, Inc. (d/b/a Country Hearth Inn & Suites). After due consideration, the Court enters the following Order.

## I.   BACKGROUND

On July 21, 2020, Plaintiff filed her Amended Complaint against Defendant, seeking injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., to require Defendant to provide accessibility information to "www.stayinns.com," "www.booking.com," "www.priceline.com," "in.hotels.com," and "www.agoda.com" (collectively, the "Websites"). Dkt. No. [19] ¶¶ 1, 8. Plaintiff is a Florida resident who is wheelchair

bound and has limited use of her hands. Id. ¶ 1. Plaintiff alleges that "Defendant owns, leases, leases to, or operates" the Country Hearth Inn & Suites (the "Property"), which is located in Cartersville, Georgia. Id. ¶ 3. Plaintiff asserts that because the Property is a place of public accommodation, Defendant must comply with the requirements of 28 C.F.R. § 36.302(e). Id. ¶¶ 6–7. Section 36.302(e) requires a place of public accommodation "that owns, leases, (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including . . . through a third party . . . [i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."

Plaintiff alleges that on March 6, 2019, March 12, 2019, March 13, 2019, March 14, 2019, and May 17, 2019, she attempted to access the Property's accessible features in the online reservation systems found at the Websites. See id. ¶¶ 9, 11. Plaintiff states that she sought this information in order to "review[] and assess[] the accessible features at the Property and ascertain whether they meet the requirements of . . . Section 36.302(e) and her accessibility needs." Id. ¶ 9. When Plaintiff accessed the Websites on these dates, Plaintiff explains that she was unable to view or access the Property's accessible features. See id.

Because Plaintiff was unable to ascertain the Property's accessible features, Plaintiff asserts that Defendant failed to provide the required accessibility

information to the Websites in violation of § 36.302(e). Id. ¶ 8. Plaintiff thus alleges that Defendant discriminated against her on the basis of her disability by "depriv[ing] [her] of the same advantages, privileges, goods, services and benefits readily available to the general public." Id. ¶¶ 9, 12; see 42 U.S.C. § 12182(a). Default was entered against Defendant on January 20, 2021, and Plaintiff moves for a default judgment, seeking injunctive relief. See Dkt. Nos. [25, 27].

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for securing default judgment. First, a party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55; see also Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First the clerk must enter a party's default . . . [T]he party [seeking default judgment] must then apply to the court for a default judgment."). Second, after the Clerk has made an entry of default, the party seeking default judgment must file a motion for default judgment under Rule 55(b)(1) or (2). A Clerk's entry of default under Rule 55(a) is thus a prerequisite for default judgment to be granted under Rule 55(b). Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004).

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. Nishimatsu Const. Co.,

Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, entry of default does not automatically warrant the Court's entry of default judgment. Frazier, 767 F. Supp. 2d at 1362 (quoting Nishimatsu Const. Co., Ltd., 515 F.2d at 1206). Even if a defendant is in default, he "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.; see also United States v. Khan, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim.").

Since entry of default constitutes an admission of the facts in a complaint, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Moreover, a defaulted defendant does not admit to allegations relating to the amount of damages. Frazier, 767 F. Supp. 2d at 1365. Therefore, before entering a final order regarding a default judgment a court may conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, "[a]n evidentiary hearing is not a *per se* requirement" for an entry of default judgment pursuant to Rule 55(b)(2) because said Rule "speaks of evidentiary hearings in a permissive tone." SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); Fed. R. Civ. P. 55(b)(2) (explaining that "[t]he court *may* conduct hearings or make referrals" to determine damages (emphasis added)). "District courts in the Eleventh Circuit

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. Id. at 1209.

4

have noted that an evidentiary hearing is not necessary where the moving party has provided supporting affidavits as to the issue of damages." Frazier, 767 F. Supp. 2d at 1365.

**III.  DISCUSSION**

    **A.  Liability**

The Court must first determine whether Plaintiff adequately pled discrimination under Title III of the ADA. Title III prohibits discrimination in places of public accommodation, including hotels and motels, on the basis of disability. 42 U.S.C. §§ 12181(7)(A), 12182(a). To prove a discrimination claim under Title III, a plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against her within the meaning of the ADA. Id. § 12182(a).

The Court finds that Plaintiff has satisfied these three elements. Plaintiff states in her First Amended Complaint that she is disabled within the meaning of the ADA because she is "bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands." Dkt. No. [19] ¶ 1. Plaintiff also alleges that Defendant "owns, leases, leases to, or operates" the Property, which is a place of public accommodation covered by the ADA. Id. ¶ 3. Last, Plaintiff alleges that Defendant discriminated against her by failing provide accessibility information to the Websites as required by § 36.302(e). Id. ¶ 8 ("Defendant has failed to provide [the Websites] with the information required . . . to identify or

5

allow for booking of accessible rooms or post sufficient information about accessibility at [the Property] . . . ."); see Strojnik v. Kapalua Land Company LTD, No. 19-00077 SOM-KJM, 2019 WL 4685412, at *4–5 (D. Haw. Aug. 26, 2019) (explaining that places of lodging using third-party booking services must provide accessibility information to those third-party services in order to comply with § 36.302(e)(1)). Because Defendant is deemed to have admitted these allegations, the Court finds that Plaintiff has sufficiently pled the elements of her ADA claim. Nishimatsu Const. Co., 515 F.2d at 1206.

      However, to the extent Plaintiff asserts that Defendant is responsible for the Websites' failure to publish accessibility information on their own platforms, the Court finds that these allegations are not well-pleaded. The Websites are third-party booking services and are not named as defendants in this lawsuit. See generally Dkt. No. [19]. While Plaintiff has properly alleged that Defendant failed to provide accessibility information to the Websites, Plaintiff has not alleged that Defendant has any control over what the Websites publish on their platforms in the event that they were to receive Defendant's accessibility information. See id. Indeed, in promulgating guidance on § 36.302(e), the Department of Justice has explicitly noted that places of lodging will not be responsible for failures of third-party services to provide accessibility information to people with disabilities in accordance with § 36.302(e)(1) if the place of lodging gave that information to the third party. See 28 C.F.R. Pt. 36, App. A. For these reasons, Plaintiff has not alleged sufficient facts to hold Defendant liable for the Websites' own violations.

See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Rather, Plaintiff has alleged sufficiently facts only to hold Defendant liable for its failure to provide the Websites with its accessibility information.

### B.     Damages

Plaintiff seeks injunctive relief to require Defendant to comply with the provisions of § 36.302(e). Dkt. No. [25] at 5. Pursuant to 42 U.S.C. § 12188(2), the Court may grant "any equitable relief that [it] considers to be appropriate," including injunctive relief, to remedy a violation of Title III. Further, in a default judgment setting, injunctive relief is available. See <u>Petmed Express, Inc. v. Medpots.com</u>, 336 F. Supp. 2d 1213, 1222–23 (S.D. Fla. 2004). Accordingly, Plaintiff's Motion for Default Judgment [25] is **GRANTED**. Defendant is **ORDERED** to comply with § 36.302(e) by providing the Websites with the required accessibility information within **ninety (90) days** of the entry of this Order, and to thereafter remain in compliance with § 36.302(e).

### C. Attorney's Fees, Costs, and Litigation Expenses

Plaintiff also requests an award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205. Dkt. No. [25] at 6. As the prevailing party, Plaintiff is entitled to such recovery. <u>See</u> 42 U.S.C. § 12205. Accordingly, the Court **GRANTS** Plaintiff's request for attorney's fees, costs, and litigation expenses. Plaintiff is **DIRECTED** to submit to the Court an itemized accounting

of all attorney's fees, costs, and litigation expenses, as well as an affidavit in support of her request, within **twenty-one (21) days** of this Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment [25] is **GRANTED**. Defendant is **ORDERED** to comply with § 36.302(e) by providing the Websites with the required accessibility information within **ninety (90) days** of the entry of this Order, and to thereafter remain in compliance with § 36.302(e). Plaintiff's request for attorney's fees, costs, and litigation expenses is **GRANTED**, and Plaintiff is **DIRECTED** to submit to the Court an itemized accounting of all attorney's fees, costs, and litigation expenses, as well as an affidavit in support of her request, within **twenty-one (21) days** of this Order. The Clerk is **DIRECTED** to resubmit this matter to the undersigned on February 11, 2021.

**IT IS SO ORDERED** this 20th day of January, 2021.

_____
**Leigh Martin May**
**United States District Judge**