IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA KENNEDY, :<br>:<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>:<br>SHRINATHJI-KRUPA, INC., :<br>:<br>:<br>:<br>Defendant. : | CIVIL ACTION NO.<br>4:20-CV-0069-LMM |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Attorney Fees, Costs, Expert Fees and Litigation Expenses [30]. After due consideration, the Court enters the following Order:

**I.  BACKGROUND**

The Court previously granted Plaintiff Patricia Kennedy default judgment on her Americans with Disabilities Act ("ADA") claims. Dkt. No. [28]. The Court permitted Plaintiff to move for fees, costs, and litigation expenses. Id. Plaintiff has now moved and has filed supporting affidavits. Dkt. No. [30]. After setting forth the standard that applies to this motion, the Court discusses the reasonableness of Plaintiff's request.

## II.  LEGAL STANDARD

The ADA permits the Court to award "the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. Attorneys' fees are typically calculated based on the "lodestar" method, wherein the Court considers the reasonable number of hours expended multiplied by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This method provides a "starting point" from which the Court may adjust based on such factors as it deems appropriate. In assessing reasonableness of the lodestar, courts may consider the "twelve factors derived from the ABA Code of Professional Responsibility DR 2-106 (1980) and adopted in Johnson v. Georgia Highway Express[, 488 F.2d 714, 717–19 (5th Cir. 1974)]." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

Kreager, 775 F.2d at 1543 n.2 (citing Johnson, 488 F.2d at 717–19). The Supreme Court has emphasized that a district court "may consider" these factors, "though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley,

461 U.S. at 434 n.9. The Eleventh Circuit allows district courts "to consider any of the Johnson factors to the extent that they suggest that comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered to the court." Norman, 836 F.2d at 1299–1300.

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's memorandum in support of her request for fees. Dkt. No. [30]. The Court has also reviewed the affidavits of Attorney Bacon, Dkt. No. [30-1], and Attorney Houston, Dkt. No. [30-2], as well as the affidavits in support of their requested fees, Dkt. No. [30-3]. Based on the Court's review of the filings and understanding of the legal market in this district, the Court finds that $425 per hour is a reasonable rate for Attorney Bacon and that $350 per hour is a reasonable rate for Attorney Houston.

The Court also finds, with two exceptions, that the hours submitted in the attorneys' affidavits were reasonably expended. In Attorney Bacon's affidavit, he includes two entries that do not appear related to this case. On August 6, 2019, there is an entry for .4 hours with the description "review defendant's motion to dismiss and affidavits." However, Defendant never appeared in this case or filed any motion to dismiss. The same issue arises with Attorney Bacon's entry for .2 hours from June 22, 2020 with the description "exchange correspondence with co-counsel re contact from counsel for defendant." While it is conceivable that defense counsel contacted Plaintiffs' attorneys without appearing in the case,

there is no corresponding entry on Attorney Houston's itemized billing schedule, so the Court infers that this entry, like the "motion to dismiss" entry, was a mistake. With these two exceptions, the Court finds Plaintiff's requested time reasonable.

The Court also finds Plaintiff's request for fees related to service, filing, and paying an expert to ensure ADA compliance to be reasonable and merited under the ADA. 28 U.S.C. § 1920; 42 U.S.C. § 12205. The addition of these fees to Plaintiff's attorneys' fees result in the following fees and expenses:

1. Attorney Bacon's Fees = 1.3 hours * $425.00 = **$552.50**
2. Attorney Houston's Fees = 12.3 hours * $350.00 = **$4,305.00**
3. Filing Fees = **$400.00**
4. Initial Expert Investigation Fees + Reinspection Fees = $600.00 + $600.00 = **$1,200.00**
5. Process Server Fees = **$140.00**

   Total = **$6,597.50**

### IV. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Fees and Expenses [30] is **GRANTED**. The Court awards Plaintiff $4,857.50 in attorneys' fees and $1,740 in costs and fees of litigation for a total of $6,597.5.

**IT IS SO ORDERED** this 3rd day of March, 2021.

_____
Leigh Martin May

**Leigh Martin May**
**United States District Judge**